**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:  Bard IVC Filters Products Liability Litigation, | No. MDL 15-02641-PHX-DGC<br><br>**ORDER** |

The parties have filed updated reports on cases with service of process and plaintiff profile form issues, cases for which no federal jurisdiction exists, and duplicate cases.  *See* Docs. 21406, 21410, 21426.  The Court will address each category of cases.

**A.    Cases with Service of Process Issues.**

Case Management Order No. 4 requires each Plaintiff who files a short form complaint to send a request for waiver of service to Defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure.  Doc. 363 at 4.  Rule 4 provides that "if a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).

Defendants identify 11 cases that have not been served on Defendants.  Docs. 21406 at 2-3, 21410-5 (Am. Ex. G), 21426 at 2.  Plaintiffs in these cases, which are listed below, shall have until **March 18, 2020** to send the short form complaint and a request for waiver of service to Defendants' counsel.  *See* Doc. 21406 at 3; Fed. R. Civ. P. 4(d)(1), (m); *United*

*States v. 2,164 Watches, Inc.*, 366 F.3d 767, 772 (9th Cir. 2004) (district courts have broad discretion under Rule 4(m) to extend time for service).  By **April 1, 2020**, the parties shall file an updated report indicating for each case whether service has been completed by the **March 18** deadline and, if not, Plaintiff shall state the reasons for the delay.  The Court may dismiss any case in which service has not been completed absent Plaintiff showing good cause for the failure to serve.  *See* Fed. R. Civ. P. 4(m); Doc. 19874 at 4.

| Case Caption | Case Number |
|---|---|
| Margie Cornelius v. C. R. Bard, Inc. | 2:19-cv-02716 |
| Leona Nigh v. C.R. Bard, Inc. | 2:19-cv-04059 |
| Norman Rose v. C.R. Bard, Inc. | 2:19-cv-04083 |
| Franky Williams v. C.R. Bard, Inc. | 2:19-cv-04070 |
| Douglas J. Dohan v. C.R. Bard, Inc. | 2:19-cv-04069 |
| Penni Hendrickson v. C.R. Bard, Inc. | 2:19-cv-04073 |
| Melissa Jeanne Kacou v. C.R. Bard, Inc. | 2:19-cv-04110 |
| Lauren Kent v. C.R. Bard, Inc. | 2:19-cv-04076 |
| Bryon Rieken v. C.R. Bard, Inc. | 2:19-cv-04061 |
| Rickey Scott v. C.R. Bard, Inc. | 2:19-cv-04063 |
| Gunther Vacek v. C.R. Bard, Inc. | 2:19-cv-04051 |

**B.      Cases with Plaintiff Profile Form ("PPF") Issues.**

Case Management Order No. 5 requires each Plaintiff who files a short form complaint to provide a PPF to Defendants within 60 days of filing the complaint.  Doc. 365 at 1.  If no PPF was received within the 60-day period, Defendants were to send an overdue letter to Plaintiff's counsel giving Plaintiff an additional 20 days to provide a PPF.  *Id.* at 2.  Defendants could seek dismissal of the case if Plaintiff failed to provide a PPF during this grace period.  *Id.*

The Court previously dismissed cases in which no complete PPF had been provided to Defendants.  Docs. 19874 at 3, 20667 at 5-6.  Defendants identify 45 additional cases in

which Plaintiffs have provided no PPF or a deficient PPF.  Docs. 21406 at 4, 21410-6 (Am. Ex. H), 21426 at 3.  Plaintiffs in these cases, which are listed below, shall have until **March 18, 2020** to provide complete PPFs to Defendants.  *See* Docs. 19874 at 3, 21406 at 4.  Each PPF shall include the place of filter implant.  The parties shall provide an updated report on these cases by **April 1, 2020**.  The Court may dismiss any case in which no complete PPF is provided by the **March 18** deadline.  *See* Doc. 19874 at 3.

| Case Caption | Case Number |
|---|---|
| Kelly McCoy v. C. R. Bard, Inc. | 2:18-cv-03466 |
| Kristi G. Bailey v. C.R. Bard, Inc. | 2:17-cv-04029 |
| David Breeden v. C.R. Bard, Inc. | 2:19-cv-01535 |
| Charles Finch v. C.R. Bard, Inc. | 2:19-cv-01533 |
| Ross A. Grey v. C.R. Bard, Inc. | 2:17-cv-04030 |
| Jeanette McFarland v. C.R. Bard, Inc. | 2:19-cv-01511 |
| Thomas Orest v. C.R. Bard, Inc. | 2:17-cv-04095 |
| Agnes Roberts v. C.R. Bard, Inc. | 2:17-cv-00138 |
| Steven Rogers v. . C.R. Bard, Inc. | 2:17-cv-04083 |
| Delores Watson v. C.R. Bard, Inc. | 2:17-cv-03990 |
| Christopher Beasock v. C.R. Bard, Inc. | 2:19-cv-01465 |
| Sherry Lynn Black-Goodrow v. C.R. Bard, Inc. | 2:18-cv-00406 |
| Michael Campobasso v. C.R. Bard, Inc. | 2:19-cv-01575 |
| Kandy Carpenter v. C.R. Bard, Inc. | 2:19-cv-01525 |
| Reba Carter v. C.R. Bard, Inc. | 2:19-cv-01457 |
| Bruce R. Cunningham v. C.R. Bard, Inc. | 2:19-cv-01236 |
| Iarzella Dennard v. C.R. Bard, Inc. | 2:19-cv-01539 |
| Mark Dills v. C.R. Bard, Inc. | 2:19-cv-01512 |
| Nicolas R. Garon v. C.R. Bard, Inc. | 2:19-cv-01238 |
| Jeremy Gates v. C.R. Bard, Inc. | 2:19-cv-01498 |
| Deborah S. Hamby v. C.R. Bard, Inc. | 2:19-cv-01449 |

| | |
|---|---|
| Joanie Hansford v. C.R. Bard, Inc. | 2:19-cv-01526 |
| Nancy Harmon v. C.R. Bard, Inc. | 2:19-cv-00721 |
| Rudy Headley v. C.R. Bard, Inc. | 2:19-cv-01497 |
| Kenneth I. Holbrook v. C.R. Bard, Inc. | 2:19-cv-01234 |
| Anthony Jackson v. C.R. Bard, Inc. | 2:19-cv-01467 |
| Karen Jandula v. C.R. Bard, Inc. | 2:19-cv-02305 |
| Linda Jenkins v. C.R. Bard, Inc. | 2:18-cv-03935 |
| Lisa Johnson v. C.R. Bard, Inc. | 2:19-cv-02001 |
| Jeramey Kohar v. C.R. Bard, Inc. | 2:19-cv-01780 |
| Elizabeth Mello v. C.R. Bard, Inc. | 2:19-cv-00104 |
| Daniel Person v. C.R. Bard, Inc. | 2:19-cv-03189 |
| Prudence Peterson v. C.R. Bard, Inc. | 2:18-cv-02090 |
| Angela Rhodes v. C.R. Bard, Inc. | 2:19-cv-02135 |
| Sandra Risner v. C.R. Bard, Inc. | 2:19-cv-02136 |
| Kimberly Roberts v. C.R. Bard, Inc. | 2:18-cv-02828 |
| Alejandro G. Santana v. C.R. Bard, Inc. | 2:18-cv-02264 |
| Edward Schaab v. C.R. Bard, Inc. | 2:19-cv-02133 |
| Ricky Schrader v. C.R. Bard, Inc. | 2:19-cv-02132 |
| Melissa Sepeda v. C.R. Bard, Inc. | 2:18-cv-01585 |
| Stephanie Smith v. C.R. Bard, Inc. | 2:19-cv-02267 |
| Clyde Solomon v. C.R. Bard, Inc. | 2:19-cv-01466 |
| Justin Ubel v. C.R. Bard, Inc. | 2:19-cv-02073 |
| Kim Whitaker v. C.R. Bard, Inc. | 2:19-cv-02075 |
| Scottie C. Wolford v. C.R. Bard, Inc. | 2:19-cv-01250 |

## C.    Cases without Federal Jurisdiction.

Federal subject matter jurisdiction may be based on either federal question jurisdiction or diversity jurisdiction.  28 U.S.C. §§ 1331, 1332.  Courts "analyze federal question jurisdiction with reference to the well-pleaded complaint rule." *Yokeno v. Mafnas*,

973 F.2d 803, 807 (9th Cir. 1992). Under that rule, "federal jurisdiction exists only when a federal question is presented on the face of a properly pleaded complaint." *Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 986 (9th Cir. 2003). The complaint must establish either that "federal law creates the cause of action or that . . . the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d 1090, 1102 (9th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

The master complaint in this MDL asserts seventeen state law claims. Doc. 364 ¶¶ 166-349. Because the complaint asserts no federal claim and Plaintiffs' right to relief on the state law claims does not depend on resolution of a federal law question, the Court lacks subject matter jurisdiction under the federal question statute. *See* 28 U.S.C. § 1331; *Yokeno*, 973 F.2d at 809.

Subject matter jurisdiction must therefore be based on diversity of citizenship. *See Yokeno*, 973 F.2d at 809. District courts have diversity jurisdiction over cases between citizens of different states involving claims greater than $75,000. 28 U.S.C. § 1332(a). Section 1332 requires complete diversity between the parties – that is, the citizenship of the plaintiff must be diverse from the citizenship of each defendant. *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

For purposes of diversity jurisdiction, Defendant C. R. Bard, Inc. is a citizen of New Jersey and Defendant Bard Peripheral Vascular, Inc. is a citizen of Arizona. *See* Doc. 364 ¶¶ 11-12; *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) (noting that "a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business") (citing 28 U.S.C. § 1332(c)). Complete diversity does not exist, therefore, where the Plaintiff is a resident of either Arizona or New Jersey. *See Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1025 (9th Cir. 2007) ("Although diversity jurisdiction provides an independent basis for federal jurisdiction over state law

claims, complete diversity is lacking in this case because both [plaintiff] and [defendant] are citizens of California.").

The parties' updated reports identify 25 cases in which diversity jurisdiction does not exist because the Plaintiff is either a resident of Arizona or New Jersey.  Docs. 21406 at 5, 21410-7 (Am. Ex. I), 21426 at 3-4.[1]  A district court may dismiss a case for lack of subject matter jurisdiction at any time during the pendency of the action.  *See* Fed. R. Civ. P. 12(h)(3); *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002) (noting Rule 12(h)(3) permits a district court to "raise the question of subject matter jurisdiction[] sua sponte"); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1230-31 (9th Cir. 2006) (an MDL "transferee judge exercises all the powers of a district judge in the transferee district under the Federal Rules of Civil Procedure").  The following cases lack subject matter jurisdiction and are **dismissed without prejudice**:[2]

| Case Caption | Case Number | Plaintiff's Residence |
|---|---|---|
| Roderick L. Tunstall v. C. R. Bard, Inc. | 2:16-cv-02382 | New Jersey |
| Hugh Fraser v. C.R. Bard, Inc. | 2:19-cv-01670 | Arizona |
| Gloria Arino v. C.R. Bard, Inc. | 2:18-cv-00529 | Arizona |
| Kennith Beaulieu v. C.R. Bard, Inc. | 2:17-cv-02589 | New Jersey |
| Nichole Boggans v. C.R. Bard, Inc. | 2:17-cv-02764 | New Jersey |
| David Bunsick v. C.R. Bard, Inc. | 2:18-cv-02908 | New Jersey |
| Sandora Carter v. C.R. Bard, Inc. | 2:19-cv-03610 | New Jersey |
| Deborah Coleman v. C.R. Bard, Inc. | 2:19-cv-03926 | Arizona |

---

[1] In two of the listed cases, diversity jurisdiction exists because the Plaintiffs are Arizona residents and have sued only C. R. Bard, Inc., a citizen of New Jersey.  *See* Doc. 21426 at 3-4 (citing *Jeanne Hunt v. C. R. Bard, Inc.*, 2:19-cv-00011, and *Michael Parr v. C. R. Bard, Inc.*, 2:18-cv-04797).  These two cases will be unconsolidated from the MDL and will remain pending in this District.

[2] Plaintiffs' Lead Counsel assert that some of the cases involve ongoing settlement discussions, but do not identify any particular case.  No case dismissed for lack of subject matter jurisdiction is listed as a Track 2 settlement case (*see* Doc. 21410-4), and neither Plaintiffs' Lead Counsel nor any individual Plaintiff's counsel has explained why the cases should not be dismissed at this time.  *See* Doc. 16343 at 6-7.

| Phillip Colombo v. C.R. Bard, Inc. | 2:16-cv-03829 | Arizona |
|---|---|---|
| Alexander Doughty v. C.R. Bard, Inc. | 2:19-cv-03624 | New Jersey |
| Christine Gober v. C.R. Bard, Inc. | 2:17-cv-02900 | New Jersey |
| Howard Highfill v. C.R. Bard, Inc. | 2:17-cv-01897 | Arizona |
| Kent Hoeft v. C.R. Bard, Inc. | 2:16-cv-03571 | Arizona |
| Arthur B. Kubofcik v. C.R. Bard, Inc. | 2:19-cv-02331 | New Jersey |
| Donna L. Moore v. C.R. Bard, Inc. | 2:16-cv-02601 | New Jersey |
| William Rivera v. C.R. Bard, Inc. | 2:19-cv-03759 | Arizona |
| Damien Robinson v. C.R. Bard, Inc. | 2:19-cv-04023 | New Jersey |
| Carol Rogers v. C.R. Bard, Inc. | 2:19-cv-03882 | New Jersey |
| Sonya J. Wallace v. C.R. Bard, Inc. | 2:19-cv-04095 | New Jersey |
| Kenneth Wantland v. C.R. Bard, Inc. | 2:18-cv-03673 | Arizona |
| Cheryl Ann Washington v. C.R. Bard, Inc. | 2:19-cv-01274 | New Jersey |
| Erika Weining v. C.R. Bard, Inc. | 2:19-cv-02956 | Arizona |
| Latanyia Williams v. C.R. Bard, Inc. | 2:19-cv-02954 | New Jersey |
| Joseph Cornellier v. C.R. Bard, Inc. | 2:18-cv-02953 | New Jersey |
| Dennis Trocciola v. C.R. Bard, Inc. | 2:18-cv-04874 | New Jersey |

### D.    Duplicate Cases.

The Court previously dismissed duplicative cases filed in this MDL.  Docs. 16343 at 4-5, 18540 at 2, 19874 at 1; *see M.M. v. Lafayette Sch. Dist.*, 681 F.3d 1082, 1091 (9th Cir. 2012) ("It is well established that a district court has broad discretion to control its own docket, and that includes the power to dismiss duplicative claims.").  Defendants identify more than 40 additional Plaintiffs who have filed multiple cases in this MDL. Docs. 21406 at 5, 21410-8, -9 (Am. Exs. J, K).  The following duplicate cases are **dismissed**:

| Case Caption | Case Number |
|---|---|
| Amy Eggers v. C. R. Bard, Inc. | 2:18-cv-04231 |
| James Douglas Hall v. C.R. Bard, Inc. | 2:19-cv-01235 |
| Alisha Martin v. C.R. Bard, Inc. | 2:19-cv-03604 |
| Mary Self v. C.R. Bard, Inc. | 2:19-cv-02247 |
| Larry Tatom v. C.R. Bard, Inc. | 2:18-cv-01139 |
| Frank Tolerico v. C.R. Bard, Inc. | 2:19-cv-01297 |
| Maria Alarcon v. C. R. Bard, Inc. | 2:17-cv-00197 |
| Jerry Lee Black v. C. R. Bard, Inc. | 2:19-cv-00194 |
| Juanita Coller v. C. R. Bard, Inc. | 2:19-cv-03470 |
| Leon Cook v. C. R. Bard, Inc. | 2:19-cv-03574 |
| Hilda Garcia v. C. R. Bard, Inc. | 2:19-cv-01352 |
| Lorella N. Hammond v. C. R. Bard, Inc. | 2:16-cv-02104 |
| Lorella N. Hammond v. C. R. Bard, Inc. | 2:17-cv-00183 |
| Derrick Hardnett v. C. R. Bard, Inc. | 2:18-cv-01336 |
| Donald H. Kehl v. C. R. Bard, Inc. | 2:18-cv-03773 |
| Sabrina Dixon v. C. R. Bard, Inc. | 2:18-cv-04885 |
| Patrick Martin v. C. R. Bard, Inc. | 2:16-cv-02135 |
| Pearlina McMillian v. C. R. Bard, Inc. | 2:19-cv-02674 |
| Brenda Ohl v. C. R. Bard, Inc. | 2:19-cv-00284 |
| Alexandra Parsley v. C. R. Bard, Inc. | 2:18-cv-01575 |
| Rachel Caruth v. C. R. Bard, Inc. | 2:16-cv-03167 |
| Donald Shadegg v. C. R. Bard, Inc. | 2:19-cv-03538 |
| Robert Tucker v. C. R. Bard, Inc. | 2:19-cv-03621 |
| Ralph Vernom Wagner, Jr. v. C. R. Bard, Inc. | 2:17-cv-02790 |
| Stanford Young v. C. R. Bard, Inc. | 2:19-cv-03311 |
| Angela Asberry v. C. R. Bard, Inc. | 2:19-cv-01468 |
| Lenward Bentley v. C. R. Bard, Inc. | 2:19-cv-01540 |

| David Cox v. C. R. Bard, Inc. | 2:19-cv-00367 |
|---|---|
| Darryl Allen Fiset v. C. R. Bard, Inc. | 2:19-cv-00198 |
| Maria Fritz v. C. R. Bard, Inc. | 2:18-cv-02824 |
| Donna Harris v. C. R. Bard, Inc. | 2:19-cv-01956 |
| Sandra Harvey v. C. R. Bard, Inc. | 2:19-cv-02045 |
| Shiray Jackson v. C. R. Bard, Inc. | 2:18-cv-04404 |
| Paula Jordan v. C. R. Bard, Inc. | 2:17-cv-03683 |
| James Litchfield v. C. R. Bard, Inc. | 2:19-cv-01460 |
| Erin Sechrest v. C. R. Bard, Inc. | 2:18-cv-04732 |
| Brittni Shaw v. C. R. Bard, Inc. | 2:19-cv-03079 |
| Kimberly Wiesen v. C.R. Bard, Inc. | 2:19-cv-01967 |
| Nickie Camp v. C. R. Bard, Inc. | 2:19-cv-03957 |
| John Hager, Jr. v. C. R. Bard, Inc. | 2:19-cv-00740 |
| Robin Hickmond v. C. R. Bard, Inc. | 2:17-cv-01222 |
| Sharon Jones v. C. R. Bard, Inc. | 2:19-cv-00679 |

**IT IS SO ORDERED.**

Dated this 4th day of March, 2020.

David G. Campbell
Senior United States District Judge